## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                             )

**SEABERN HILL,**                    )

                         )

      **Plaintiff,**              )

                         )

          **v.**                 )      **Case No. 14-cv-01809 (APM)**

                         )

**BOARD OF TRUSTEES OF THE**  )
**UNIVERSITY OF THE**         )
**DISTRICT OF COLUMBIA,**     )

                         )

      **Defendant.**           )
_____ )

## MEMORANDUM OPINION

Before the court is Defendant Board of Trustees of the University of the District of Columbia's unopposed Motion for Summary Judgment.  *See* Def.'s Mot. for Summ. J., ECF No. 29 [hereinafter Def.'s Mot.].  Defendant moves to dismiss Plaintiff Seabern Hill's remaining claims under Section 1983, 42 U.S.C § 1983, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623.  As the parties are familiar with the facts and procedural history of this case, the court recites only what is necessary to rule on Defendant's Motion.

The court reaches Defendant's Motion after providing Plaintiff ample opportunity to respond.  Defendant filed its Motion on November 17, 2016.  *See* Def.'s Mot.  Plaintiff's Opposition was originally due on December 1, 2016.  *See* LCvR 7(b).  Plaintiff repeatedly sought extensions of time to file his Opposition, beginning on December 6, 2016, to which Defendant consented until late January 2017.  *Compare* Pl.'s Consent Mot. for Extension of Time, ECF No. 30, Pl.'s Consent Mot. for Extension of Time, ECF No. 32, *and* Pl.'s Consent Mot. for Extension of Time, ECF No. 34, *with* Pl.'s Mot. for Extension of Time, ECF No. 35, *and* Def.'s Mem. in

Opp'n to Pl.'s Mot. for Extension of Time, ECF No. 36.  The court entered an Order on January 27, 2017, denying as moot Plaintiff's most recent Motion for Extension of Time, explaining that the date by which Plaintiff stated he would file his Opposition had passed.  *See* Minute Order (dated Jan. 27, 2017).  To date, Plaintiff still has not filed his Opposition.  Accordingly, the court now rules on Defendant's Motion.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court may not treat a plaintiff's failure to respond to a defendant's motion for summary judgment as a concession of the motion.  *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 508 (D.C. Cir. 2016); Fed. R. Civ. P. 56(e) advisory committee's 2010 note.  Rather, "the [d]istrict [c]ourt must always determine for itself whether the record and any undisputed material facts justify granting summary judgment."  *Winston & Strawn, LLP*, 843 F.3d at 505 (internal quotation marks omitted).  The court may, however, treat any unaddressed factual statement in the defendant's motion as undisputed.  *See id.* at 507; LCvR 7(h)(1) ("In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.").

After thorough consideration of the record, the court grants Defendant's Motion for Summary Judgment as to each remaining claim in the Amended Complaint.  *See* Mem. Op. & Order, ECF No. 10 (allowing Plaintiff to proceed with his claims of age discrimination and violation of his right to free speech, but dismissing his gender discrimination claim).

First, with respect to Plaintiff's claim under the ADEA, summary judgment is appropriate because Plaintiff cannot make out a claim that Defendant discriminated against him based on his

age when Defendant chose to eliminate Plaintiff's employment position.  Defendant has offered a legitimate, non-discriminatory reason for Plaintiff's termination—the elimination of Plaintiff's position due to a reduction in force arising from budgetary constraints—and the record contains no evidence that Plaintiff was disadvantaged in favor of a younger person when his employment was terminated; no younger person was hired to replace him.  *See* Def.'s Mot. at 18–21.  Nor is there any record evidence that Defendant implemented the reduction in force in a manner that discriminated against older employees.  *See id.*  In short, Plaintiff has offered no evidence that Defendant's citation to budgetary constraints is pretext for discrimination.  As a matter of law, then, Plaintiff is unable to prove that he was discriminated against on account of his age.  *See Johnson v. Interstate Mgmt. Co.*, No. 14-7164, 2017 WL 836090, at *5 (D.C. Cir. 2017).

Second, with respect to Plaintiff's Section 1983 claim, summary judgment is appropriate because the undisputed facts reflect that Plaintiff cannot make out a claim that Defendant violated his First Amendment rights by abolishing his position.  Defendant's Motion states, and Plaintiff has not disputed, that the scope of Plaintiff's employment encompassed alerting his supervisors to any unlawful access of student records, thus rendering the speech at issue in this matter statements Plaintiff made pursuant to his official duties as Records Officer.  *See* Def.'s Mot. at 24–25.  In other words, Plaintiff's speech was not the speech of a "citizen."  In addition, the undisputed facts reflect that Defendant terminated Plaintiff's employment because it needed to reduce the size of its workforce due to budgetary concerns, not to punish Plaintiff for his speech.  *See id.* at 30–31.  As a matter of law, then, Plaintiff cannot prove Defendant violated his First Amendment rights by taking an adverse employment action against him in retaliation for constitutionally protected activity—Plaintiff's speech was not protected activity and, even if protected, that speech did not motivate Defendant's decision to eliminate Plaintiff's position.  *See Coleman v. District of*

*Columbia*, 893 F. Supp. 2d 84, 96 (D.D.C. 2012), *aff'd in part and rev'd in part on other grounds*, 794 F.3d 49 (D.C. Cir. 2015).

 Collecting all the undisputed facts on the record, the court concludes that Defendant is entitled to judgment in its favor as a matter of law.  *See* Fed. R. Civ. P. 56.  Accordingly, the court grants Defendant's Motion for Summary Judgment.

 A separate Order accompanies this Memorandum Opinion.


Dated:  March 29, 2017          Amit P. Mehta
                    United States District Judge